IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **TRUSTEES OF THE INDIANA TEAMSTERS HEALTH BENEFITS PLAN**<br><br>and<br><br>**TRUSTEES OF THE INDIANA TEAMSTERS PENSION FUND**<br><br>and<br><br>**TRUSTEES OF THE INDIANA TEAMSTERS DEFINED CONTRIBUTION FUND**<br><br>    Plaintiffs,<br><br>v.<br><br>**MATT FORD TRANSPORT, LLC**<br><br>    Defendant. | Case No. 1:26-cv-149<br><br>**COMPLAINT** |

**JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et. seq.* Jurisdiction over suits against an employer for failing to make contributions to employee benefit funds as required is conferred upon this Court by ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145.

2. This action also arises under the Labor Management Relations Act of 1947 (LMRA) § 301(a), 29 U.S.C. § 185(a), granting jurisdiction to this Court over suits for violations of a collective bargaining agreement between an employer and labor organization.

1

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Plaintiffs' Funds are administered within the territorial jurisdiction of the U.S. District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

4. The Fund Plaintiffs are trustees of trust funds, which maintain multiemployer retirement and welfare benefit plans within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). The Funds are administered in Marion County, Indiana.

5. Defendant, Matt Ford Transport, LLC ("Matt Ford Transport") is an Indiana corporation with its principal place of business located in Boone County, Indiana. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## RELEVANT FACTS

6. The Indiana Teamsters Health Benefits Plan ("Health Plan") was established by an Agreement and Declaration of Trust ("Health Trust") for the purpose of providing healthcare benefits to eligible employees. (Exhibit 1, Health Trust, at p. 3). The Health Plan is an "employee welfare benefit plan" as defined by ERISA §§ 3(1) and 3(3); 29 U.S.C. § 1002(1). The Health Plan is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

7. The Health Plan is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5). The Health Plan Board of Trustees is the "plan sponsor" of the Health Plan as defined by 29 U.S.C. § 1002(16)(B)(iii).

8. The Health Plan Board of Trustees is vested with the authority to collect employer contributions due to the Health Plan. (Exhibit 1, Health Trust, Section 3.3, at p. 10).

9. The Indiana Teamsters Pension Fund ("Pension Fund") was established by an Agreement and Declaration of Trust ("Pension Fund Trust") for the sole purpose of providing pension benefits to certain eligible employees and their beneficiaries. (Exhibit 2, Pension Trust, Art. 2, Sec. 2.1, at p. 5). The Pension Fund is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3); 29 U.S.C. § 1002(2). The Pension Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

10. The Pension Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C § 186(c)(5). The Pension Fund Board of Trustees is the "plan sponsor" of the Pension Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

11. The Pension Fund Board of Trustees is vested with the authority to collect employer contributions due to the Pension Fund. (Exhibit 2, Pension Trust, Art. 3, Sec. 3.3, at pp. 6-7).

12. The Indiana Teamsters Defined Contribution Fund ("Defined Contribution Fund") was established by an Agreement and Declaration of Trust ("Defined Contribution Trust") for the sole purpose of providing retirement benefits to certain eligible employees and their beneficiaries. (Exhibit 3, Defined Contribution Trust, Art. II, Sec. 2, at p. 9). The Defined Contribution Fund is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3); 29 U.S.C. § 1002(2). The Defined Contribution Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

13. The Defined Contribution Fund Board of Trustees is vested with the authority to collect employer contributions due to the Pension Fund. (Exhibit 3, Defined Contribution Trust, Art. III, Sec. 3, at pp. 11-12).

14. The Funds have adopted Collection Policies, governing the collection of contributions and other amounts owed to the Funds. (Exhibits 4a-4b, Collection Policies).

15. On July 19, 2023, Defendant, through its owner, executed Participation Agreements with the Funds. (Exhibits 5a-5c, Participation Agreements). By executing the Participation Agreements, Defendant assented to and became bound by the Indiana Highway, Heavy Railroad and Underground Utility Contracting Agreement ("CBA") then in force between the Indiana Constructors, Inc. – Labor Relations Division and the Teamsters Joint Council No. 69, including any subsequent agreements or renewals thereof. *Id*. A copy of the relevant CBA is attached hereto as Exhibit 6.

16. Under the Participation Agreements and CBA, Matt Ford Transport expressly agreed to pay contributions to the Health Plan, Pension Fund, and Defined Contribution Fund. (Exhibits 5a-5c, Participation Agreements; Exhibit 6, CBA). Furthermore, Matt Ford Transport bound itself to the terms of the Funds' respective Trust Agreements. *Id*. The required contribution rates are expressed in the respective Participation Agreements. *Id.* Contributions are due by the 15th day following the month in which the work was performed. (Exhibits 4a-4b, Collection Policies).

17. According to the Funds' Administrators, the Defendant failed to remit contributions and the required work reports for the months of May 2025 forward to the Health Plan, Pension Fund, and Defined Contribution Fund. As a result of Defendant's failure to remit the required

contributions and work reports, Plaintiffs are unable to ascertain the hours worked by Defendant's employees and the amounts owed to the respective Funds.

18. Despite repeated demands to Defendant to submit work reports and contributions for the months of May 2025 forward, the Defendant has refused or otherwise failed to comply with these demands.

**COUNT I**
**Failure to Pay Contributions**
**ERISA § 515, 29 U.S.C. § 1145**

19. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

20. At all times, Matt Ford Transport was a party to and agreed to abide by the terms of the Participation Agreements.

21. Matt Ford Transport agreed to be bound by the terms of the Funds' respective Trust Agreements. (Exhibits 5a-5c, Participation Agreements).

22. Pursuant to the Participation Agreements, CBA, Trust Agreements, and Collection Policies adopted by the Funds, Defendant is required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments to the Funds. (Exhibit 1, Health Trust, Sec. 3.4, at p. 10; Exhibit 2, Pension Trust, Art. 3, Sec. 3.5, at pp. 7-8; Exhibit 3, Defined Contribution Trust, Art. III, Sec. 5, at pp. 12-13; Exhibits 4a-4b, Collection Policies; Exhibits 5a-5c, Participation Agreements; Exhibit 6, CBA).

23. The Collection Policies require Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. If contributions are not made by the due date, they are delinquent. (Exhibits 4a-4b, Collection Policies).

24. Defendant has failed to report hours worked by covered employees for one or more months during the period of May 2025 forward, as required by the Participation Agreements, Trust Agreements, and Collection Policies.

25. Despite repeated demands to Defendant to submit work reports and contributions for the months of May 2025 forward, the Defendant has refused or otherwise failed to comply with these demands.

26. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, audit fees, and attorney fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT II
### Breach of Contract - Failure to Pay Contributions
### LMRA § 301, 29 U.S.C. § 185

27. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

28. At all times, Matt Ford Transport was a party to and agreed to abide by the terms of the Participation Agreements.

29. Matt Ford Transport agreed to be bound by the terms of the Funds' respective Trust Agreements. (Exhibits 5a-5c, Participation Agreements).

30. Pursuant to the Participation Agreements, CBA, Trust Agreements, and Collection Policies adopted by the Funds, Defendant is required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments to the Funds. (Exhibit 1, Health Trust, Sec. 3.4, at p. 10; Exhibit 2, Pension Trust, Art. 3, Sec. 3.5, at pp. 7-8; Exhibit 3, Defined Contribution Trust, Art. III, Sec. 5, at pp. 12-13; Exhibits 4a-4b, Collection Policies; Exhibits 5a-5c, Participation Agreements, pp. 1-2; Exhibit 6, CBA).

31. The Collection Policies adopted by Plaintiffs require Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. If contributions are not made by the due date, they are delinquent. (Exhibits 4a-4b, Collection Policies).

32. Defendant has filed to report hours worked by covered employees for one or more months during the period of May 2025 forward, as required by the Participation Agreements, Trust Agreements, and Collection Policies.

33. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, audit fees, and attorney fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT III

### Failure to Pay Liquidated Damages and Interest
### ERISA § 515, 29 U.S.C. § 1145

34. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

35. At all relevant times, Defendant was a party to and agreed to abide by the terms of the Participation Agreements.

36. Matt Ford Transport agreed to be bound by the terms of the Funds' respective Trust Agreements. (Exhibits 5a-5c, Participation Agreements).

37. Pursuant to the Participation Agreements, CBA, Trust Agreements, and Collection Policies adopted by the Funds, Defendant is required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments to the Funds. (Exhibit 1, Health Trust, Sec. 3.4, at p. 10; Exhibit 2, Pension Trust, Art. 3, Sec. 3.5, at pp. 7-8; Exhibit 3, Defined

Contribution Trust, Art. III, Sec. 5, at pp. 12-13; Exhibit 4a-4b, Collection Policies; Exhibit 5a-5c, Participation Agreements; Exhibit 6, CBA).

38. The Collection Policies adopted by Plaintiffs require contributing employers to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. (Exhibits 4a-4b, Collection Policies). If contributions are delinquent, liquidated damages equal to 10% of the delinquent contributions are assessed. *Id.*

39. Defendant has failed to submit the required monthly work report and contributions for the period of May 2025 forward. As a result of Defendant's failure to submit the required monthly work reports and contributions, Defendant is liable for liquidated damages for any contributions owed for work performed during those months. The amount of liquidated damages cannot be calculated until the amount of all required contributions is known.

40. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145 and Plaintiffs, therefore, are entitled to liquidated damages and/or late fees pursuant to ERISA § 502(g)(2)(C)(ii), 29 U.S.C. § 1132(g)(2)(C)(ii).

## COUNT IV

### Breach of Contract and Failure to Pay Liquidated Damages, and Interest
### LMRA § 301, 29 U.S.C. § 185

41. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

42. At all relevant times, Defendant was a party to and agreed to abide by the terms of the Participation Agreements.

43. Matt Ford Transport agreed to be bound by the terms of the Funds' respective Trust Agreements. (Exhibits 5a-5c, Participation Agreements).

44. Pursuant to the Participation Agreements, CBA, Trust Agreements, and Collection Policies adopted by the Funds, Defendant is required to submit accurate monthly reports of covered

hours worked and remit full and correct contribution payments to the Funds. (Exhibit 1, Health Trust, Sec. 3.4, at p. 10; Exhibit 2, Pension Trust, Art. 3, Sec. 3.5, at pp. 7-8; Exhibit 3, Defined Contribution Trust, Art. III, Sec. 5, at pp. 12-13; Exhibits 4a-4b, Collection Policies; Exhibits 5a-5c, Participation Agreements; Exhibit 6, CBA).

45. The Collection Policies adopted by Plaintiffs require contributing employers to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. (Exhibits 4a-4b, Collection Policies). If contributions are delinquent, liquidated damages equal to 10% of the delinquent contributions are assessed. *Id*.

46. Defendant has failed to submit the required monthly work report and contributions for the period of May 2025 forward. As a result of Defendant's failure to submit the required monthly work reports and contributions, Defendant is liable for liquidated damages for any contributions owed for work performed during those months. The amount of liquidated damages cannot be calculated until the amount of all required contributions is known.

47. Defendant's actions are in breach of the Participation Agreements, Trust Agreements, and Collection Policy, and Plaintiffs, therefore, are entitled to liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V

### Order Compelling Payroll Audit
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E)

48. Plaintiffs reallege each averment set forth as if fully rewritten herein.

49. Despite repeated demands to do so, Defendant has failed to submit the required work reports and contributions.

50. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Therefore, Plaintiffs have no way of ascertaining the amount owed in delinquent contributions, liquidated damages and interest for the period of May 2025 forward.

51. Defendant's refusal to submit to provide the required work reports and contributions is in violation of the Trust Agreements and Collection Policies, and therefore Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief:

A. An order compelling Defendant to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions which may be disclosed by an audit, liquidated damages, and interest in an amount to be determined, for the period of May 2025 forward;

B. Judgment in favor of the Fund Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for covered work performed during the period of May 2025 forward, in an amount which may be disclosed by an audit, plus any delinquent contributions for any other month, as disclosed by employer reports or other evidence;

C. Judgment on behalf of the Plaintiffs and against Defendant for accumulated interest and liquidated damages on any delinquent contributions, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

D. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

E.	An award of reasonable attorney's fees incurred in connection with the collection of the unpaid amounts as provided for by the terms of the agreements and ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(D); and

F.	Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

> Respectfully submitted,
>
> s/ Sawyer Lehman
> Sawyer C. Lehman (35287-49)
> **LEDBETTER PARTNERS LLC**
> 429 North Pennsylvania St., Suite 409
> Indianapolis, IN 46204
> 937-619-0900
> 937-619-0999 (fax)
> slehman@fringebenefitlaw.com
> *Counsel for Plaintiffs*