UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA TEAMSTERS HEALTH BENEFITS PLAN, TRUSTEES OF THE INDIANA TEAMSTERS PENSION FUND, TRUSTEES OF THE INDIANA TEAMSTERS DEFINED CONTRIBUTION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> MATT FORD TRANSPORT, LLC Clerk's Entry of Default entered on 3/19/2026, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:26-cv-00149-JRO-MG |

**ORDER**

Before the Court is Plaintiffs Trustees of the Indiana Teamsters Health Benefits Fund, the Trustees of the Indiana Teamsters Pension Fund, and the Trustees of the Indiana Teamsters Defined Contribution Fund's Motion to Compel Audit.  Dkt. [17].  The Motion is **GRANTED**.

**I. BACKGROUND**

Unless otherwise stated, the following facts are taken from the Complaint and are accepted as true based on the Clerk's entry of default.  *See* Fed. R. Civ. P. 55(b); *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994).

Plaintiffs brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a).  Dkt. 1 at 1.  Plaintiffs maintain multiemployer retirement and welfare benefits plans

within the meaning of ERISA.  Specifically, Plaintiffs are fiduciaries of three separate trust funds created pursuant to LMRA and administered through Trust Agreements.  The Health Plan is an employee welfare benefits plan within the meaning of ERISA.  The Pension Fund and Defined Contribution Fund maintain multiemployer pension plans within the meaning of ERISA.  Dkt. 13 at 2.  The Trust Agreement "empowers the Funds' Trustees to collect contributions and related amounts owed to the Funds" and to adopt policies and procedures as to collection ("Collection Policies").  Dkt. 1 ¶¶ 8, 11, 13.

Defendant Matt Ford Transport, LLC, an Indiana trucking company, "is a signatory employer and a party to a collective bargaining agreement ['CBA'] between the Indiana Constructors, Inc.—Labor Relations Division and the Teamsters Joint Council No. 69." Dkt. 13 at 2 (citing dkt. 1-9).  The CBA requires Defendant to contribute to the Funds and incorporates by reference the terms of the Funds' respective Trust Agreements.  On July 19, 2023, Defendant also signed Participation Agreements with the Funds and "thereby agreed to be bound by the Funds' Trust Agreements and to contribute at the hourly rates stated therein."  Dkt. 13 at 2 (citing dkts. 1-6; 1-7; 1-8).

The Participation Agreements and Collection Policies require Defendant to submit monthly reports and contributions to Plaintiffs "on or before the 15th day of the month following the month in which the covered work was performed." Dkt. 13 at 3.  The Collection Policies further state that if signatory employers do not make timely contributions, then they are "assessed liquidated damages equal to 10% of the delinquent contributions."  Dkt. 13 at 3 (citing dkt. 1-4 at 1; dkt.

2

1–5 at 1).  Plaintiffs note that "although the Defined Contribution Fund had not yet adopted a Collection Policy at the time this action was filed, the Trust Agreement provides that liquidated damages will be assessed to [a] delinquent employer."  Dkt. 13 at 3 (citing dkt. 1-3 at 12).

Defendant has not fulfilled its obligations under the agreements.  Plaintiffs claim that Defendant has not submitted work reports, documentation of the number of hours worked by covered employees, or contributions to Plaintiffs since May 2025.  Dkt. 13 at 3.  Plaintiffs thus seek to collect delinquent contributions, as determined by audit or work reports satisfactory to Plaintiffs, plus liquidated damages.  Plaintiffs also note that ERISA, the Trust Agreements, and the Collection Policies entitle Plaintiffs to recover attorney's fees and costs.

On January 23, 2026, Plaintiffs filed a five-count complaint against Defendant.  Dkt. 1.  Plaintiffs allege the following:

> Count I: Failure to Pay Contributions under ERISA § 515, 29 U.S.C. § 1145;
>
> Count II: Breach of Contract as to Failure to Pay Contributions under LMRA § 301, 29 U.S.C. § 185;
>
> Count III: Failure to Pay Liquidated Damages and Interest under ERISA § 515, 29 U.S.C. § 1145;
>
> Count IV: Breach of Contract and Failure to Pay Liquidated Damages and Interest under LMRA § 301, 29 U.S.C. § 185;
>
> Count V: Order Compelling Payroll Audit under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E).

Dkt. 1 at 5–10.  Plaintiffs represent that Defendant was properly served on January 29, 2026.  Dkt. 7.

Defendant Matt Ford Transport, LLC did not appear or otherwise file a responsive pleading.  On March 19, 2026, as a result of Defendant's failure to answer or otherwise respond to the complaint, the Clerk of Court entered an entry of default against Defendant.  Dkt. 11.  On April 10, 2026, Plaintiffs filed a motion for default judgment.  Dkt. 12.

On May 27, 2026, the Court ordered the Parties to appear for a telephonic status conference set for June 26, 2026.  Dkt. 14.  Only Plaintiffs appeared.  The Court, on its own Motion granted Plaintiffs permission to file the present motion with a proposed order specifically detailing what they need to effectuate the audit.  Dkt. 16 at 2.

Plaintiffs now seek an audit of the payroll records of Defendant for the purpose of determining the total amount of fringe benefit contributions and other amounts owed by Defendant to Plaintiffs.  Dkt. 17.

## II. DISCUSSION

"The Employee Retirement Income Security Act of 1974 ('ERISA') governs benefit plans between labor unions and multiemployer associations" that operate as trusts to provide employee benefits.  *Elec. Constr. Indus. Prefunding Credit Reimb. Program v. Veterans Elec., LLC*, 941 F.3d 311, 313 (7th Cir. 2019).  "As association members, employers agree to be bound" by a CBA that provides benefits for union workers.  *Id.*  The unions then "set up trust agreements," and "[t]rustees may demand and examine pertinent employee records to effectively administer the trust."  *Id.*  Under § 502(a)(3) of ERISA, a "fiduciary" of a multiemployer fund has standing to commence a civil action to enforce the

4

obligations the Act imposes upon employers.  The Fund's trustees are "fiduciaries" within the meaning of § 3(14)(A) and 402(c)(1) of ERISA.  *GCIU Emp. Ret. Fund v. Chi. Trib. Co.*, 8 F.3d 1195, 1197 (7th Cir. 1993).  Pursuant to 29 U.S.C. § 1132(a)(3), plaintiffs may bring a civil action on behalf of their participants and beneficiaries "to obtain other appropriate equitable relief" to "redress [violations of the subchapter or violations of the terms of the plan] or . . . to enforce any provisions of this subchapter or the terms of the plan."

Here, Plaintiffs argue that compelling an audit is necessary to redress or enforce terms of the plan.  An audit may be ordered under ERISA where the trust documents governing a benefit plan grant authority to the trustees to conduct audits.  *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 581 (1985).  As the Supreme Court has explained, records like those Plaintiffs request are "highly relevant to the trust's legitimate interests," thus leaving "no doubt as the to the validity and weight of the audit goals" under ERISA.  *Id.* at 568, 571, 581.

An audit here is appropriate.  Plaintiffs set forth sufficient facts in the complaint to demonstrate that Defendant is a signatory employer and party to the CBA, thus bound by its terms.  The CBA incorporates these Trust Agreements by reference throughout.  *See* Dkt. 1-6 at 1; 1-7 at 1; 1-8 at 1.  The Trust Agreement authorizes the trustees to conduct audits to ensure the employer made the proper payments.  Dkt. 1-2 at 8.  Plaintiffs' allegations and supporting evidence—all unopposed—establish that Defendant breached the relevant trust agreements and is liable for unpaid contributions under ERISA

Section 502(g)(2), 29 U.S.C. § 1132(g)(2).  As such, Plaintiffs have established a legal right to audit Defendant's books and payroll records.  *See Cent. States*, 472 U.S. at 572; *Veterans Elec.*, 941 F.3d at 314-15 (under ERISA, fund trustees "may demand and examine pertinent employer records to effectively administer the trust").

Ultimately, ERISA provides that a court may grant the plaintiffs "such other legal or equitable relief as [it] deems appropriate."  29 U.S.C. § 1132(g)(2)(E).  Because Defendant has demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process, the Court concludes that compelling Defendant's compliance with an audit is appropriate.  *See Tharp v. Catron Interior Sys., Inc.*, No. 1:12-cv-01870-TWP-DML, 2016 WL 827244, at *1 (S.D. Ind. Mar. 2, 2016) (ordering an audit of books and payroll records under ERISA pursuant to the parties' CBA), *amended on reconsideration*, 2017 WL 1091189 (S.D. Ind. Mar. 23, 2017).  The Court **ORDERS** Defendant to permit, and cooperate with, an audit of its books and records for the time periods of May 2025 through the date of the audit.

### III. CONCLUSION

Plaintiffs' Motion to Compel, dkt. [17], is **GRANTED**, for the reasons explained in Plaintiffs' motion.  The Court **ORDERS** Defendant Matt Ford Transport, LLC, within thirty (30) days of the date of this order, to produce the

6

necessary documents and allow Plaintiff's auditor to complete an audit for the period May 1, 2025, through the date of the audit.

**SO ORDERED.**

Date: 7/13/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

Thomas Reed Kendall
Ledbetter Partners LLC
tkendall@fringebenefitlaw.com

Sawyer Christian Lehman
Ledbetter Partners LLC
slehman@fringebenefitlaw.com